# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

JEROME HAMLIN,
    *Plaintiff*,

v.

CITY OF WATERBURY, *et. al.*,
    *Defendants*.

No. 3:17-cv-1520 (JAM)

## INITIAL REVIEW ORDER

Plaintiff Jerome Hamlin is a prisoner of the State of Connecticut. He has filed a complaint under 42 U.S.C. § 1983 against the City of Waterbury and two of its police officers. Based on my initial review of his complaint, this action shall proceed against the officers with respect to plaintiff's excessive force claim but shall be dismissed with respect to all of plaintiff's remaining federal law claims.

### BACKGROUND

The complaint names the following defendants: the City of Waterbury, Officer McMahon, and Officer Stafford. I will accept the following facts as true solely for purposes of my initial review to decide if plaintiff has alleged facts that give rise to plausible grounds for relief.

On June 13, 2015, plaintiff was driving his car on Wolcott Street in Waterbury, Connecticut. His fiancée, Jasmina Ortiz, was a passenger in the car. Officers McMahon and Stafford of the Waterbury Police Department began tailgating him in their police car at a high rate of speed, while training a white spotlight on plaintiff's car as they followed him. The officers then rammed plaintiff's car, causing him to lose control and to crash into a utility pole on

the side of the road. As plaintiff got out of the car to help his fiancée, he was struck from behind by the officers and knocked to the ground. The officers kicked plaintiff in his mouth and face, causing him to lose consciousness.

When plaintiff woke up in the hospital, he learned that his fiancée had not survived the crash. Plaintiff himself was seriously injured with a fractured femur, dislocated wrist, and lacerations to his arm and face, and he continues to suffer from multiple life-altering injuries. The officers prepared a false police report in an attempt to cover up key facts of the fatal crash that they had deliberately caused.

Plaintiff alleges that defendants "violated plaintiff's rights to be free from unreasonable use of force in an arrest, cruel and unusual punishment, denial of medical care, delay of medical care, assault, [and] deliberate indifference," all in violation of the U.S. Constitution. Doc. #1 at 5-6. He seeks compensatory and punitive damages.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).[1]

---

[1] The Court limits its review for purposes of 28 U.S.C. § 1915A to federal law claims. That is because the core purpose of an initial review order is to make a speedy initial screening determination of whether the lawsuit may proceed at all in federal court and should be served upon any of the named defendants. If there are no facially plausible federal law claims against any of the named defendants, then the Court would decline to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367; *see also Nicholson v. Lenczewski*,

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

### *Excessive Force Claim*

The Fourth Amendment to the U.S. Constitution protects the right of the people to be free from unreasonable searches or seizures. The Fourth Amendment is violated if the police use excessive force on a free person in the course of an arrest or other law enforcement action. *See Graham v. Connor*, 490 U.S. 386 (1989).[2] The intentional use of a police car to cause a person's car to crash may amount to the use of excessive force in violation of the Fourth Amendment. *See Brower v. County of Inyo*, 489 U.S. 593, 597 (1989). There are no facts alleged in the complaint to indicate that the defendant officers had any lawful or legitimate reason to ram plaintiff's car. *Compare Scott v. Harris*, 550 U.S. 372 (2007) (police did not use excessive force in violation of the Fourth Amendment when they caused a suspect's car to crash in order to end a dangerous

---

356 F. Supp. 2d 157, 165-66 (D. Conn. 2005). On the other hand, if there are any viable federal law claims that remain, then the validity of any accompanying state law claims may be appropriately addressed in the usual course by way of a motion to dismiss or motion for summary judgment. More generally, the Court's determination for purposes of an initial review order under 28 U.S.C. § 1915A that any claim may proceed against a defendant is without prejudice to the right of any defendant to seek dismissal of any claims by way of a motion to dismiss or motion for summary judgment in the event that the Court has overlooked a controlling legal principle or if there are additional facts that would warrant dismissal of a claim.

[2] In *Graham v. Connor*, the Supreme Court made clear that in the context of the police use of force against a free citizen, the use of force is evaluated under the Fourth Amendment rather than under the Fifth or Eighth Amendments. 490 U.S. at 394-95 & n.10. Accordingly, plaintiff's claim that the police engaged in "cruel and

high-speed chase that threatened the lives of innocent bystanders). Accordingly, I conclude that the complaint on its face states a valid claim for the use of excessive force in violation of the Fourth Amendment.

I note, however, that the complaint does not describe the outcome of any subsequent criminal proceedings stemming from the crash of plaintiff's car. According to the State of Connecticut Judicial Branch website, plaintiff was convicted and sentenced in the Waterbury Judicial District to 10 years of jail on two charges of running from the police and causing death, in violation of Conn. Gen. Stat. § 14-223(b), and illegal operation of a motor vehicle while under the influence of alcohol or drugs, in violation of Conn. Gen. Stat. § 14-227a. These convictions may possibly foreclose this lawsuit for money damages to the extent that this lawsuit depends on plaintiff's ability to prove any facts that would impugn the validity of his criminal convictions. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *McKay v. E. Hartford Police Dep't*, 2017 WL 4247383, at *3 (D. Conn. 2017).

Notwithstanding these concerns about whether plaintiff's lawsuit may ultimately proceed, it would be premature at this time for me to decide if this lawsuit is barred under the rule of *Heck v. Humphrey*. Defendants may raise this argument if they choose as grounds for a motion to dismiss or for summary judgment and to include any records that would allow for plaintiff to respond and for the Court to adjudicate this issue or any other grounds that might warrant dismissal.

### *Denial/Delay of Medical Care*

Plaintiff claims that defendants denied and delayed him medical care and acted with deliberate indifference. The Due Process Clause of the Fourteenth Amendment "does require the

---

unusual punishment" does not state a valid claim for a violation of the Eighth Amendment in this context.

responsible government or governmental agency to provide medical care to persons . . . who have been injured while being apprehended by the police." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). But there are no facts alleged in the complaint to suggest that the police denied plaintiff medical care, as distinct from their use of force on him to cause the accident and immediately thereafter. Accordingly, I will dismiss without prejudice plaintiff's claim for a violation of any right to receive medical care.

### *City of Waterbury*

Plaintiff has also named the City of Waterbury as a defendant. It has long been the rule in federal courts that a municipality is not liable for the constitutional violations of its employees unless those violations resulted from a municipal policy, practice, or custom. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–94 (1978). The Supreme Court made clear in *Monell* that municipalities are not vicariously liable in *respondeat superior* for the unconstitutional misconduct of their officials and employees. *Ibid.*; *see also Adams v. City of New Haven*, 2015 WL 1566177 (D. Conn. 2015) (dismissing *Monell* claims against municipality for lack of facts plausibly showing existence of any municipal policy, practice, or custom that caused plaintiff's harm). Moreover, proof of a single incident of unconstitutional activity is not sufficient to impose *Monell* liability against a municipality absent proof that the incident was caused by a pre-existing and unconstitutional municipal policy. *See Mitchell v. City of New York*, 841 F.3d 72, 80 (2d Cir. 2016).

Here the complaint arises from a single incident and does nothing to identify any municipal policy, practice, or custom that led to the violation of plaintiff's rights. Accordingly, I will dismiss without prejudice plaintiff's claim against the City of Waterbury.

5

*Motion to Appoint Counsel*

Plaintiff moves for the appointment of *pro bono* counsel. Because I think it is likely that plaintiff's remaining claim for the use of excessive force is barred by the fact of his criminal convictions under the rule of *Heck v. Humphrey*, I am unable to conclude at this time that plaintiff's claim has a sufficient likelihood of merit to warrant the appointment of counsel. *See Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1983). Accordingly, I will deny the motion to appoint counsel without prejudice to renewal in the event that plaintiff is able to establish a likelihood that his claim has substantial merit.

## CONCLUSION

In accordance with the foregoing discussion, the Court enters the following orders:

(1) Plaintiff's Fourth Amendment claim for excessive force shall proceed against Officers McMahon and Stafford in their individual capacities.

(2) Plaintiff's remaining federal law claims against Officers McMahon and Stafford and against the City of Waterbury are DISMISSED without prejudice to plaintiff's filing of an amended complaint within 30 days if he believes that there are additional facts that could be alleged in good faith to sustain any of the claims that the Court has dismissed.

(3) Plaintiff's motion for appointment of counsel (Doc. #3) is DENIED.

(4) Within twenty-one (21) days of this Order, the Clerk shall mail waiver of service of process request packets to Waterbury Police Officers McMahon and Stafford in their individual capacities at the Waterbury Police Department, 255 East Main Street, Waterbury, CT 06702.

(5) Defendants McMahon and Stafford shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order. Discovery requests need not be filed with the court.

(7) Any motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

It is so ordered.

Dated at New Haven, Connecticut, this 25th day of October 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge